IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


**LEONARD D.** [1]

            Plaintiff,

 v.

**COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,**

            Defendant.

Civ. No. 3:24-cv-1280-CL

**OPINION AND ORDER**

_____

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Leonard D. seeks judicial review of the final decision of the Commissioner of

the Social Security Administration denying his claim for disability insurance benefits. Full

consent to magistrate jurisdiction was entered on August 6, 2024 (ECF No. 4). For the reasons

provided below, the Commissioner's decision is AFFRIMED.

## BACKGROUND

    On July 20, 2020 Plaintiff filed an application for disability insurance benefits, alleging

disability beginning on September 30, 2019. Tr. 437, 443. The claim was denied initially in

December, 2020. Tr. 311. On reconsideration, Plaintiff was found to be disabled as of August 11,

2021. Tr. 319-32. Plaintiff requested a hearing before an administrative law judge and appeared

before ALJ Jo Hoenninger on March 9, 2023. Tr. 141-77. A second hearing was scheduled for

March 4, 2023, to resolve some issues with the vocational testimony, but this was held over due

_____

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name
of the non-governmental party or parties in this case.

to a lack of time. Tr. 130-40. Plaintiff and the vocational consultant testified at another hearing on May 9, 2023. Tr. 93-129.

On June 29, 2023, the ALJ issued a decision finding that Plaintiff was not disabled between his alleged onset date and August 11, 2021, but was disabled thereafter. Tr. 12-36. The Appeals Council denied review on June 3, 2024, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff now requests that the United States District Court review the ALJ's decision and alleges harmful legal error. Pl. Br., ECF No. 9 at 1-19.

**DISABILITY ANALYSIS**

A claimant is disabled if he or he  is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, he  is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20

C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.  The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or his impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or his "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or his past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or he is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the

Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55;

*Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff engaged in substantial work activity since his alleged onset date but it was an unsuccessful work attempt. Tr. 18.

2. Plaintiff has the following severe impairments: degenerative disc disease with spinal stenosis with chronic back pain; chronic obstructive pulmonary disease; hypertension; diabetes mellitus type 2; and attention-deficit hyperactivity disorder. Tr. 18.

3. Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19.

4. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could stand and walk 4 hours total in 8 hour workday; could sit 6 hours in an 8 hour workday; could occasionally climb ladders, ropes, and scaffolds; could frequently balance; could occasionally stoop, kneel, crouch and crawl; could tolerate frequent exposure to airborne irritants (such as fumes, odors, dusts, gases and poor ventilation) and hazards (such as unprotected heights and exposed moving mechanical parts); could understand and remember simple instructions; and had sufficient concentration, persistence, and pace to complete simple tasks for a normal workday and workweeky. Tr. 23.

5. As of August 11, 2021, Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he could occasionally climb ladders, ropes, or scaffolds; could frequently balance; could occasionally stoop, kneel, crouch, and crawl; could tolerate frequent exposure to airborne irritants (such as fumes, odors, dusts, gases and poor ventilation) and hazards (such as unprotected heights and exposed moving mechanical parts. Tr. 31.

6. The claimant was born on September 5, 1971 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged onset date. The claimant subsequently changed age category to closely approaching advanced age. Tr. 34.

7. At Step Four, the ALJ found that Plaintiff was able to perform his past relevant work as a flagger prior to August 11, 2021. Tr. 33.

8. Alternatively, considering Plaintiff's age, education, work experience, and residual functional capacity before August 11, 2021, the ALJ found that there were other jobs that an individual with Plaintiff's residual functional capacity would be able to perform, such as hand packager, DOT#559.687-074 (light exertion, SVP 2; 20,000 jobs nationally, reduced from 52,000 due to stand and walk limits), routing clerk, DOT# 222.687-022 (light exertion, SVP 2; 21,000 jobs nationally), reduced from 77,000 due to stand and walk limits), and assembler electrical accessories, DOT#729.687-010 (light exertion, SVP 2; 18,000 jobs nationally, reduced from 32,000 due to stand and walk limits). Tr. 34.

9. The ALJ found that, as of August 11, 2021, there were jobs in the sedentary range that Plaintiff could perform but chose to not disturb the finding that Plaintiff was disabled as of that date as it was a borderline age case and the Medical-Vocational Guidelines dictated a finding of disabled as of his 50th birthday. Tr. 35.

10. The ALJ concluded that Plaintiff had not been disabled between his alleged onset date and August 11, 2021, but was disabled after that date. Tr. 35.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of

the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether substantial evidence supports the RFC, and

2. Whether substantial evidence supports the ALJ's step five conclusion about other work available that plaintiff could perform.

For the following reasons, the Commissioner's decision is AFFIRMED.

### I.    Substantial evidence supports the RFC

Plaintiff primarily contends that the ALJ erred in finding he could perform light work

between his alleged onset date and August 11, 2021 Pl. Br., ECF No. 9 at 5-10. Instead, Plaintiff

argues the ALJ should have found he was limited to sedentary work for the entire period at

issue—from his alleged onset date through the date of the decision. *Id.* Baked into Plaintiff's

argument about the RFC are challenges to the ALJ's evaluation of his subjective symptom

testimony and the medical opinion of Joseph Resendiz, D.O. *Id.* The Court addresses these issues

in turn.

#### A. Subjective symptom testimony

Plaintiff testified that he had stopped working because of pain in his lower back that

would make his legs go numb. Tr. 113. He would stay in bed because of pain three or four days a

week. Tr. 115. He continued to have 2-3 bad days a week, even after he underwent his surgery.

Tr. 116. He had tried to work after this but had called in late or did not go to work at all. Tr. 116.

He was unable to handle the duties of the job. Tr. 116-17. The ALJ recognized that Plaintiff's

allegations led to difficulties in several functional areas, including lifting, squatting, bending,

standing, reaching, walking, sitting, kneeling, and climbing stairs. Tr. 23 (citing Tr. 539). For the

period prior to August 11, 2021, the ALJ reasonably concluded that Plaintiff could perform a

range of light exertional level work, however, and that Plaintiff's allegations were not entirely consistent with the record. Tr. 22-30.

The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 23. Specifically, the ALJ discussed the objective medical evidence and Plaintiff's daily activities when discounting his subjective symptom testimony. Tr. 23-27.

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161; *see also Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). While an ALJ may also consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain," *Rollins*, 261 F.3d at 857, they cannot reject subjective pain testimony solely on that basis. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); see also 20 C.F.R. § 404.1529(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). In sum, "an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony." *Smartt*, 53 F.4th at 498 (quoting *Burch*, 400 F.3rd at 681).

The ALJ reasonably discounted Plaintiff's allegations of limitations stemming from his lower back pain as inconsistent with objective medical evidence. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. § 416.929(c)(2). At the hearing, Plaintiff testified that his low back pain caused him to stop working, and that he would be bedridden as a result of the pain for three or four days a week. *See* Tr. 113-17. The ALJ cited several examples where the objective medical record conflicted with this testimony. For example, the record reflects that Plaintiff has displayed normal strength in all extremities, a normal gait and stance, normal heel/toe walking and has presented as comfortable or in no apparent distress. Tr. 722, 730, 731, 741, 753, 760. At appointments where Plaintiff described low back pain, he also presented in no apparent distress, was able to move easily from a chair to the examination table, sat comfortably, and walked to the examination room without difficulty. Tr. 925, 926. In addition, Plaintiff exhibited full strength in all extremities and full grip strength. Tr. 928. The ALJ further highlighted that, in February 2020, Plaintiff explained that his condition was "getting worse;" but in June 2020, Plaintiff stated that he had no pain in the distal extremities and no pain in the arms or legs. Tr. 27 (citing Tr. 890). Similarly, an August 2020 exam notes states that Plaintiff had "no musculoskeletal symptoms" on a review of systems. Tr. 888. The ALJ reasonably concluded that these records all conflicted with or showed a lack of support for Plaintiff's allegations of more significant limitations. Tr. 23-27. This was substantial evidence supporting the ALJ's decision to discount Plaintiff's testimony about the severity of his back pain symptoms.

The ALJ also reasonably discounted Plaintiff's alleged back pain as inconsistent with his other reported daily activities. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet

the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. § 404.1529(c)(3)(i). The Ninth Circuit has found such routine activities as playing video games, using public transportation, and preparing meals can undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). A claimant need not be utterly incapacitated to receive disability benefits, however, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her or her credibility). To discount a plaintiff's testimony, an ALJ must cite daily activities that "meet the threshold for transferable work skills" or "contradict [a claimant's] testimony." *Orn,* 495 F.3d at 639.

The ALJ reasonably found several of Plaintiff's reported daily activities clashed with his allegations about back pain-related symptoms. Although Plaintiff alleged that he would be incapacitated by back pain three or four days a week, Tr. 117, the ALJ noted that Plaintiff reported good exercise habits, walked around his field vigorously daily for 60 minutes at a time, and walked at work daily as a traffic controller. Tr. 27 (citing Tr. 1235). Because these activities conflict with Plaintiff's allegations about the limitations his back pain causes, this was another clear and convincing reason for the ALJ to rely upon to discount his testimony

Plaintiff urges the Court to adopt a different interpretation of the record, but does not undermine the substantial evidence supporting the ALJ's decision. Plaintiff challenges the ALJ's conclusions about his back pain testimony because the ALJ relied on inconsistencies between

Plaintiff's testimony and his reports to his providers at diabetes-related appointments, where his back pain wasn't an issue. Pl. Reply, ECF No. 13 at 1-2. Plaintiff further argues the ALJ "ignored other, more relevant treatment notes documenting that Plaintiff's pain had improved for a short time following his second lumbar surgery until it was aggravated at physical therapy." Tr. 738, 743. *Id.* Plaintiff also believes the ALJ put too much emphasis on "historical information, pre-dating Plaintiff's alleged onset date," when the ALJ cited a "report [that] appeared, unchanged in any way, in notes from 2019 through 2022." *Id.* at 2. But the ALJ reasonably considered the longitudinal record, and Plaintiff's daily activities, and discounted Plaintiff's alleged limitations. Tr. 23-27. Plaintiff's arguments about the severity of his back pain are an effort to have this Court re-weigh the evidence, which is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, even though Plaintiff clearly interprets the evidence differently, he has not (and cannot) establish error by simply advancing a different interpretation of the medical evidence. The ALJ's conclusion "showed his work," and was supported by substantial evidence, so the Court will not disturb it on this basis

### B. *Medical opinion evidence*

Plaintiff also argues the ALJ did not properly consider disabling opinions of Joseph Resendiz, D.O., the consultative examiner who saw Plaintiff on November 4, 2020. Pl. Br. at 10. Plaintiff reported experiencing diabetes for which he was taking glipizide and metformin; COPD

for which he used albuterol; and low back pain. Tr. 924. He continued to have back pain following his second surgery. Tr. 925. He was not taking pain medications. Tr. 925. He did a limited range of activities because of his symptoms. Tr. 925. His gait was slow and guarded and he was not able to perform a squat. Tr. 926. He had spasms and tenderness in his thoracic and lumbar spine on examination. Tr. 927. Dr. Resendiz assessed him as limited to less than 2 hours of standing and walking and ten pounds of frequent lifting. Tr. 928. The ALJ found Dr. Resendiz's opinion unpersuasive because it was internally inconsistent, and inconsistent with the medical record as a whole. Tr. 30.

For claims filed on or after March 27, 2017, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. 20 C.F.R. § 404.1520c. Instead, the agency considers several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

Under this framework, the ALJ must "articulate ... how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. § 404.1520c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R § 404.1520c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(3). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported

or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ adequately discussed the strength of the evidence underlying Dr. Resendiz's opinions in the record and its inconsistency with other evidence when finding it unpersuasive. Tr. 30. The supportability and consistency factors require ALJs to consider the persuasiveness of a medical opinion based on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support her or her medical opinion," and its consistency with other sources. 20 C.F.R. § 404.1520c(c)(1-2). The ALJ first discounted Dr. Resendiz's opinion because it lacked significant support. Tr. 30. For example, the ALJ noted that Dr. Resendiz's functional limitations were at odds with his own examination, showing Plaintiff's gait was slow and guarded, but he had no limp, and could perform tandem, heel, and tiptoe walking. Tr. 30 (citing Tr. 926). The ALJ also noted Plaintiff had full strength in all extremities and full grip strength. *Id.* (citing Tr. 928). Addressing consistency, the ALJ cited other evidence incompatible with Dr. Resendiz's opinions, including examinations showing that Plaintiff displayed a normal gait or denied weakness, as well as reports of walking vigorously around his field daily. Tr. 30. The ALJ further noted the incongruity between Dr. Resendiz's opinions and the limitations imposed by the State agency medical consultants, who both determined that Plaintiff could perform a range of light exertional level work during this period. Tr. 224, 269. In doing so, the ALJ sufficiently considered the supportability and consistency of Dr. Resendiz's medical opinion when concluding it was poorly supported by explanation and objective medical evidence.

*C. RFC*

Finally, Plaintiff argues that it was error for the ALJ to fail to include relevant limitations
in the RFC. The RFC is the most a person can do, despite the person's physical or mental
impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all
medically determinable impairments, including those that are not "severe," and evaluate "all of
the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p,
available at 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for
resolving conflicts in the medical testimony and translating the claimant's impairments into
concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th
Cir. 2008).

In formulating Plaintiff's RFC, the ALJ reasonably relied on persuasive medical opinions
and the overall record to determine the most Plaintiff could do, despite his symptoms. An ALJ
need only include limitations in the RFC that are supported by the record, and it is the ALJ's
obligation to resolve any conflicts in the record when distilling the RFC. *See, e.g., Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Here, the ALJ formulated an RFC that was
well-supported by the record, and sufficiently resolved any conflicts. The ALJ considered
substantial objective medical evidence and persuasive medical opinions to formulate an RFC for
the time period leading up to August 11, 2021, and Plaintiff's lesser abilities after it. As noted
above, the ALJ reasonably analyzed symptom testimony and medical evidence, and cited
substantial evidence in support of her conclusion that Plaintiff could perform light work, with
relevant limitations. Tr. 20-31. Based on an MRI performed on September 30, 2021, and
evidence of worsening cardiovascular and respiratory impairments, the ALJ supportably
concluded that Plaintiff only do sedentary work after August, 2021. Tr 31. It was reasonable for

the ALJ to rely upon these state agency doctors' opinions and other relevant medical evidence to support the RFC.

For his part, Plaintiff contends his RFC was unchanged from his alleged onset date forward. Pl.'s Br. at 15-19. In an effort to undermine the ALJ's RFC formulation Plaintiff recapitulates arguments about his symptom testimony and the persuasiveness of Dr. Resendiz's opinions. Because the Court finds the ALJ supported the decision to discount Plaintiff's testimony and Dr. Resendiz's opinions with substantial evidence, it was reasonable for the ALJ to omit limitations expressed in those aspects of the record from the RFC. *See Bayliss*, 427 F.3d at 1217. The Court will not overturn the ALJ's opinion on this basis either.

## II.    Step Five

Plaintiff further contends the ALJ erred at step five by failing to support his conclusion that there were sufficient jobs available to plaintiff in the national economy at a sedentary level between August 11, 2021 and the date of decision. Pl. Br. at 12. At the hearing, the ALJ obtained vocational expert testimony for the period beginning August 11, 2021, during which Plaintiff would be limited to sedentary work. Tr. 35. The vocational expert found that an individual with that RFC could perform work as an addresser and as a fishing reel assembler. Tr. 35. The vocational expert stated that there were 11,000 addresser jobs available nationally and 12,000 fishing reel assembler jobs available for a total of 23,000 jobs. Tr. 35, 121, 127. Notwithstanding the vocational expert's testimony, the ALJ determined that this was a "borderline age" situation for purposes of applying the grid rules and that there were sufficient adversities to warrant a finding of disability as of August 11, 2021. Tr. 35. Therefore, the ALJ concluded that Plaintiff was disabled pursuant to Medical-Vocational (grid) rule 201.10 as of September 4, 20213. Tr. 35.

Plaintiff fails to identify a harmful error in the ALJ's step five analysis, so does not present a basis to reverse the decision on these grounds either. At step five, ALJ must factor in a claimant's RFC and age, education, and work experience, and determine if the claimant is able to make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). Applying the grid rules, the ALJ found Plaintiff disabled after August 11, 2021. Tr.35. Plaintiff's argument about the vocational expert testimony about this time period is therefore irrelevant. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (An error is harmless when it is nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion). Plaintiff's further arguments about the availability of jobs in the pre-August, 2021 time period are likewise moot, since substantial evidence supported the ALJ's conclusion that he was capable of light work during this time frame. The Court therefore finds no reversible error at step five either.

## ORDER

For the reasons set forth above, the decision of the Commissioner is AFFIRMED.


It is so ORDERED and DATED this _28_ day of May, 2025.


MARK D. CLARKE
United States Magistrate Judge

16 - Opinion and Order